UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

RANGAN BANDYOPADHYAY, an individual,

    Plaintiff,

v.

CASE NO.

DEFENDANT "1" a/k/a SUXIA OBEI a/k/a SASHA, and JOHN DOES 1-20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associations,

    Defendant.

**COMPLAINT FOR VIOLATION OF THE**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

Plaintiff, RANGAN BANDYOPADHYAY, by and through undersigned counsel, sue DEFENDANT "1" a/k/a SUXIA OBEI a/k/a SASHA and DOES 1-20, as follows:

**PRELIMINARY STATEMENT**

1. Defendants stole cryptocurrency from Plaintiff which at the time of the theft had an approximate value of Nine Hundred Fifty-Eight Thousand Six Hundred Forty-Eight Dollars and Forty-One Cents ($958,648.41) pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.

2. Defendant "1" played material role in the theft of Plaintiff's assets, and upon information and belief, currently possess all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover his stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This is an action for damages including pursuant to 18 U.S.C. § 1964 (the "Racketeer Influenced and Corrupt Organizations Act" or "RICO"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

## THE PARTIES AND PERSONAL JURISDICTION

6. Plaintiff RANGAN BANDYOPADHYAY is an individual, is *sui juris*, and is a resident and citizen of Washington.

7. Defendant "1" is an individual, is sui juris, and is subject to the personal jurisdiction of this Court. Defendant "1" represented to Plaintiff that her name was "Suxia Obei" and "Sasha." Defendant represented to Plaintiff that she was Chinese and the parties' communications consistently demonstrated Defendant "1" was of Chinese descent and was located in China.

8. Defendants JOHN DOE 1-20 are as of yet unidentified Individuals, Business Entities, And/or Unincorporated Associations, cohorts of Defendant "1," are *sui juris*, and are subject to the personal jurisdiction of this Court.

9. At all times material hereto, Defendants have maintained and continue to maintain, private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion of Plaintiff's stolen cryptocurrency currently sits.

10. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United

States, including within the State of Florida and this district through at least the e-mail address (Suxiaobei56230412@gmail.com) accessible from Florida. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## ALLEGATIONS COMMON TO ALL COUNTS

**A.  Defendants Execute an International Cryptocurrency Theft Scheme**

11.   On or about December 8, 2021, Defendant "1" connected with Plaintiff through WhatsApp, a messaging application that uses the internet to send messages.

12.   Defendant "1" misrepresented that she was successfully engaged in the trading of cryptocurrency investments.

13.   Defendant "1" misrepresented that her grandfather was a successful trading expert that worked in the financial market for many years.

14.   Defendant "1" misrepresented that she would utilize her expertise to trade cryptocurrencies with great success.

15.   Defendant "1" supported the above misrepresentations by texts (cellular mobile phone and WhatsApp internet service), interstate (cellular and internet) phone calls, international (cellular and internet) phone calls, and e-mail (from Suxiaobei56230412@gmail.com).

16.   On or about December 23, 2021, Plaintiff joined the following liquidity mining platform recommended by Defendant "1": defi.ethereumt.vip ("DEFIEVIP"). Mining platforms are computer software that use the user's computing power to process "mine" cryptocurrency. In exchange for the user's mining operation, the user receives a monetary

reward in the form of digital currency. In cryptocurrency liquidity mining, the user earns rewards by letting a decentralized trading service work with some of the user's cryptocurrency tokens. These tokens then facilitate trades between other cryptocurrency holders.

17. After familiarizing himself with the process of liquidity mining and the DEFIEVIP platform recommended by Defendant "1," and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff started to use the platform to invest into the liquidity mining project recommended by Defendant "1."

18. In reality, the DEFIEVIP platform was fraudulently operated by Defendants.

19. Plaintiff's cryptocurrency account was operated by Coinbase, a legitimate third party online platform for buying, selling, transferring, and storing cryptocurrency. Plaintiff linked his Coinbase wallet to the DEFIEVIP platform.

20. On January 25, 2022, when Plaintiff received information on scams perpetrated on cryptocurrency account holders, he attempted to withdraw funds and/or lock his Coinbase account without success. Plaintiff was then informed by DEFIEVIP, fraudulently posing as Coinbase support, that there was no fraudulent activity suspected on his Coinbase account. In reality, Defendants took control of Plaintiff's Coinbase wallet and proceeded to steal Plaintiff's cryptocurrency.

21. In this manner Defendants also mimic an actual business (i.e., Coinbase) to ensnare unsuspecting investment victims.

**B.     Plaintiff's Forensic Tracking of His Stolen Cryptocurrency**

22. When a transaction is made on the blockchain it is assigned a "transaction hash" ("TXID"). A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain. A TXID is used to uniquely identify a particular

4

transaction. All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

23. On January 26, 2022, at 9:06 a.m. Plaintiff's Coinbase wallet sent an unauthorized cryptocurrency (i.e., Tether ("USDT")) transaction to a virtual wallet address controlled by Defendant "1" 0x6ce27f036ccbd6134aee5dc5ee56ee33fd940a58 ("Defendant "1" Wallet") from the Plaintiff's virtual wallet address 0xae4abcde02bc7ec3826d735cca24ed036bd87e92 ("Plaintiff's Wallet").

24. The USDT transaction was sent to the Defendant "1" Wallet as shown in the following transaction:

| Date (EST) | Amount Sent | Defendant "1" Wallet Address | Transaction ID |
|---|---|---|---|
| 01/26/22 at 9:06am | 957,281.50 USDT | 0x6ce27f036ccbd6134aee5dc5ee56ee33fd940a58 | 0xaff582f40ed41dcd2aadfaa0a132c61cdb1204fdfcf738ddc6cd8059ae89941a |

25. Defendant "1" then transferred the Plaintiff's funds from the Defendant "1" Wallet to the wallet address as shown in the following transaction:

| Date (EST) | Amount Sent | JOHN DOE Secondary Wallet Address | Transaction ID |
|---|---|---|---|
| 01/26/22 at 9:17am | 961,849.90 USDT | 0xeaa1ee125b02b127c5a4f2adca5637aea53bdf1f | 0x7ed96bd71dce30a8ab9ac70250fcf7e1e660e2458d7002ec65a1e35e8dba3369 |

26. Plaintiff's funds were then traced through multiple wallets (the "Defendant "1" Secondary Addresses") prior to landing at Binance Exchange Pool Address

5

0x28c6c06298d514db089934071355e5743bf21d60 (the "Defendant "1" Binance Pool Address"). Binance is a legitimate online cryptocurrency exchange.

27. The final transactions that transferred the Plaintiff's funds from the following Defendant "1" Secondary Wallet Addresses to the Defendant "1" Binance Pool Address as shown in the following transactions:

| Date (EST) | Amount | Defendant "1" Secondary Wallet Address (Sender) | Transaction ID |
|---|---|---|---|
| 01/27/22 at 12:32pm | 150,000.00 USDT | 0x03840901b5837b06e5ec4634dee0d5e76b7c1fd2 (Binance Wallet) | 0xae58d2eaec89dc7fc583a5e740c23a66973c90a9a0c062ef6766caee7cc0c522 |
| 01/27/22 at 2:37pm | 350,000.00 USDT | 0xe5274c8fac9574518352f216c297194dd40e49d0 (Binance Wallet) | 0xcea6acedf054cc28225ad6c7712277c932ffb93526327d1dc3f0d0c84992bd11 |
| 01/28/22 at 12:31am | 158,000.00 USDT | 0x1e8bd75ecbf283f7f5eaeb77b0e33dd3f3d900bc (Binance Wallet) | 0x93d9c3df688f9ec5f5bf3bfd84c8cae576696b8344ce3d416a5ddba70058e3c |
| 01/28/22 at 12:31pm | 1,000,000.00 USDT | 0x6b663d77a2bfba6e8d16ef271ff0b17aa4bbb643 (Binance Wallet) | 0x091df3b50d10184177c5bb5f2ce3e885de7fa2c654ef8540ba771a02da3c287b |
| 02/04/22 at 02:33pm | 184,458.00 USDT | 0xe15ba3e0824f97f4b0f841cf030021097eaf2108 (Binance Wallet) | 0x5d4b82e3acd6dae62efdc6a4abff7c8b9b98faf86c3263cf069734e6959d3c41 |

28. As set forth above, Defendants converted 958,648.41 USDT from Plaintiff valued at the time of the theft at approximately Nine Hundred Fifty-Eight Thousand Six Hundred Forty-Eight Dollars and Forty-One Cents ($958,648.41). Plaintiff tracked the USDT to the Binance Exchange Pool.

29. Plaintiff suffered substantial damages.

30. If unchallenged, Defendant "1" and her cohorts JOHN DOES 1-20 will continue their fraudulent international criminal crypto theft scheme robbing unsuspecting persons and businesses in the U.S., in this district, and throughout the world.

**FULFILLMENT OF CONDITIONS PRECEDENT,
<u>ENTITLEMENT TO ATTORNEY'S FEES AND PUNITIVE DAMAGES</u>**

31. All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived or excused.

32. Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay a reasonable attorney's fee for their services. Plaintiff is entitled to an award of their attorney's fees against Defendants, among other things, pursuant to 18 U.S.C. § 1964(c).

**COUNT I
<u>RACKETEERING IN VIOLATION OF 18 U.S.C. § 1964</u>**

33. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 32 above as if fully and expressly set forth herein and further alleges as follows.

34. The operation of Defendant "1" and JOHN DOES 1-20, individually and through their alleged business "DEFIEVIP," and their mimicked business "Coinbase," in their sophisticated global internet cryptocurrency fraud and conversion scheme constitutes a racketeering operation.

35. Defendant "1" directed and coordinated with JOHN DOES 1-20 as yet unidentified additional parties (collectively the "DEFIEVIP Enterprise," "RICO Enterprise," or "Enterprise") within the meaning of 18 U.S.C. § 1961(4), which Enterprise was engaged in, or the affairs of which affected, interstate and foreign commerce.

36. Defendant "1" and JOHN DOES 1-20 were each also a member of the RICO Enterprise, as each was a distinct person, separate and apart, from each of the RICO Enterprise members together.

37. The RICO Enterprise engaged in a pattern of racketeering activity.

38. Each person's participation was effective partly because each mimicked an actual on-going business (Coinbase) with a presence in the marketplace: the United States and indeed worldwide.

39. As co-conspirators, the unlawful conduct of each member of the RICO Enterprise is attributed to every member, i.e., Defendant "1" and JOHN DOES 1-20 as yet unidentified co-conspirators.

40. As set forth above, the RICO Enterprise engaged in the following predicate acts of racketeering within the meaning of 18 U.S.C. § 1961(1): Wire fraud in violation of 18 U.S.C. § 1343.

41. The predicate acts set forth in this Complaint, include defrauding Plaintiff beginning in December 2021, through domestic and international telephone calls, WhatsApp messaging, domestic and international texts, and e-mails with Plaintiff.

42. The predicate acts set forth in this Complaint are related, in that they have the same or similar purposes, results, participants, and methods of commission, and are otherwise interrelated by distinguishing characteristics and are not isolated events. The related criminal schemes set forth in this Complaint constitutes a "pattern or patterns of racketeering activity" as defined in 18 U.S.C. § 1961(5).

43. The Defendants engaged in two or more predicated acts of racketeering within a period of ten years and committed at least one such act after October 15, 1970.

44. The information that would establish further predicate acts and further acts of racketeering is solely within the control of Defendants. Due to the global nature of their criminal scheme, with the great distances between (a) the members of the DEFIEVIP Enterprise in China, and (b) their unsuspecting victims including Plaintiff (e.g., throughout the

United States, in this district, and throughout the world), practicality dictates that the Enterprise members communicated with each other, with Plaintiff, with victims similarly situated to Plaintiff, through use of mail and/or wire. Plaintiff requires discovery to ferret out the further extent of predicate acts and further acts of racketeering, including the identity of similarly situated defrauded victims and the scope of the systematic fraud.

45. Defendants have received income derived, directly or indirectly, from a pattern of racketeering activity and used or invested, directly or indirectly, part of such income, or the proceeds of such income, in acquisition of an interest in, or in the establishment or operation of, the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(a).

46. Defendants through a pattern of racketeering activity maintain, directly or indirectly, an interest in or control of the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(b).

47. Defendant "1" was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

48. Defendant "1" and/or JOHN DOES 1 - 20 as yet unidentified additional parties, each entered into a conspiracy to conduct or participate, directly or indirectly, in the conduct of the RICO Enterprises' affairs through the pattern of racketeering activity described herein, in violation of 18 U.S.C. § 1962(d).

49. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff RANGAN BANDYOPADHYAY demands that judgment be entered against Defendant "1" and JOHN DOES 1-20, jointly and severally, as follows:

(a) damages;

(b) statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

(c) punitive damages;

(d) costs, including reasonable attorney's fees, pursuant to 18 U.S.C. § 1964(c);

(e) costs;

(f) interest; and

(g) such other and further relief as this Court deems just and proper.

## COUNT II
## <u>CONVERSION</u>

50. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 32 above as if fully and expressly set forth herein and further alleges as follows.

51. As more fully alleged above, Defendants misappropriated Plaintiff's funds.

52. Defendants have converted Plaintiff's funds to their own use or to the use of others not entitled thereto, and have exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

53. Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiff RANGAN BANDYOPADHYAY demands that judgment be entered against Defendant "1," and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

54. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 32 above as if fully and expressly set forth herein and further alleges as follows.

55. Plaintiff conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiff.

56. Defendants have knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

57. The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit render Defendants' retention of the benefits inequitable.

58. Equity requires that Defendants return to Plaintiff the benefits he conferred upon Defendants.

**WHEREFORE,** Plaintiff RANGAN BANDYOPADHYAY demands that judgment be entered against Defendant "1" and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV
## IMPOSITION OF A CONSTRUCTIVE TRUST
## AND DISGORGEMENT OF FUNDS

59. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 32 above as if fully and expressly set forth herein and further alleges as follows.

60. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by Defendants at the Binance Exchange Pool.

61. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

62. As set forth above, Defendants -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

63. The cryptocurrency assets at issue are specific, identifiable property and have been traced to the Binance Exchange pool.

64. Any and all assets being held by Defendants at Binance must be held in trust for Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

65. The Tether identified herein which are being held by Defendants at Binance must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE,** Plaintiff RANGAN BANDYOPADHYAY demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant "1" and/or JOHN DOES 1-20, in the identified cryptocurrency wallet addresses, and further demands that the wrongfully obtained property be restored to Plaintiff.

## COUNT V
## CONSPIRACY

66. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 32 above as if fully and expressly set forth herein and further alleges as follows.

67. The Defendants conspired and confederated with each other to commit, and committed, (Count I) Racketeering in Violation of 18 U.S.C. § 1964; (Count II) Conversion; and (Count III) Unjust Enrichment.

68. Plaintiff has suffered damages as a direct and proximate result of Defendants' conspiracy.

WHEREFORE, Plaintiff RANGAN BANDYOPADHYAY demands that judgment be entered against Defendant "1" and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

September 13, 2022

        THE BOBADILLA LAW FIRM
        Attorneys for Plaintiff
        20900 NE 30th Avenue, Suite 800
        Aventura, FL 33180
        Telephone: 786.446.8643
        www.bobadillafirm.com

        By: *s/ D. Fernando Bobadilla*
        D. Fernando Bobadilla, Esq.
        Fla. Bar No. 0136948
        fernandob@bobadillafirm.com

        Co-Counsel:

        THE CRYPTO LAWYERS
        Attorneys for Plaintiff
        848 Brickell Avenue, Penthouse 5
        Miami, Florida 33131
        Telephone: (305) 423-3514
        www.thecryptolawyers.com

        By: s/ *Agustin M. Barbara*
        Agustin M. Barbara, Esq.
        Fla. Bar No. 1002677
        agustin@thecryptolawyers.com