## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-22907-BLOOM/Otazo-Reyes

RANGAN BANDYOPADHYAY,

     Plaintiff,

v.

DEFENDANT 1, *also known as* Suxia Obei,
*also known as* Sasha, and JOHN DOES 1-20,

     Defendants.

_____/

### ORDER ON MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON FOREIGN DEFENDANTS PURSUAN TO RULE 4(f)(3)

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Order Authorizing Alternate Service of Process on Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. [12] ("Motion"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I.     BACKGROUND

Plaintiff, Rangan Bandyopadhyay, filed a Complaint asserting various claims, including for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, conversion, unjust enrichment, and conspiracy, related to Defendants' alleged theft of cryptocurrency from Plaintiff of an approximate value of $958,648.41 pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme. *See* ECF No. [1]. In support of the Motion, Plaintiff has presented the Declaration of an investigator confirming Plaintiff tracked the stolen cryptocurrency to certain electronic cryptocurrency wallets and

cryptocurrency exchange accounts ("Defendants' Crypto Wallets"). *See* Declaration of Plaintiff's investigator Rodrigo M. Barbara, ECF No. [12-2] ("Investigator Decl.") at ¶ 7. Plaintiff asserts that Defendants operate via the Internet and utilize crypto blockchain ledger technology, i.e., electronic means, as reliable forms of contact. *See* Declaration of Agustin M. Barbara, ECF No. [12-3] ("Barbara Decl.") at ¶¶ 6-10; *see also* Declaration of Plaintiff Rangan Bandyopadhyay, ECF No. [12-1] ("Plaintiff's Decl."). at ¶ 9-10. Plaintiff further asserts that Defendants are residents of the People's Republic of China. *See* Plaintiff's Decl. at ¶ 6-8.

Plaintiff has created a non-fungible token ("Plaintiff's NFT") containing (a) a notice of this action with Summons language, and (b) a hyperlink to Plaintiff's website located at the Uniform Resource Locator (URL): (https://uscourtservice.com/22907), and a service website ("Plaintiff's Website"). *See* Barbara Decl. at ¶¶ 3-4, Exhibits "A" and "B." Plaintiff's Website also contains a notice of this action, with hyperlinks to the Summons, Complaint, and all filings and orders in this action.

In the Motion, Plaintiff seeks leave to send Plaintiff's NFT to the blockchain (crypto ledger) addresses of Defendants' Crypto Wallets and to serve Defendants via publication on Plaintiff's Website.

## II.   LEGAL STANDARD

The central purpose of service of process is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Rule 4(f) states in pertinent part as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

> (C) unless prohibited by the foreign country's law, by:
> . . .
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Rule 4(f)(3) allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement, and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the district court.

Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts

in dealing with questions of alternative methods of service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections. *Philip Morris USA, Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007).

## III.   DISCUSSION

Plaintiff requests that the Court permit him to serve Defendants via NFT to their Crypto Wallets and by posting on a specifically created website. Service by NFT transfer and via posting on a designated website is not prohibited under international agreement. Although the United States and China are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"), the Hague Convention does not specifically preclude service of process via NFT or by posting on a designated website.

Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). China has not specifically objected to service via NFT or posting on a website. *See* ECF No. [12-3].

Further, NFT and posting on a designated website are reasonably calculated to give notice to Defendants. Indeed, courts regularly permit service by e-mail and website posting. *See, e.g. Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (authorizing service by e-mail); *Bialik v. Individuals Identified on Schedule "A,"* No. 22-cv-6142-BLOOM/Valle, 2022 WL 4268594, at *2 (S.D. Fla. Sept. 15, 2022) (same); *Chanel, Inc. v. Individual, P'ship, or Unincorporated Assoc.*, No. 17-6241-CIV-MOORE, 2017 WL 8794733, at *4-5 (S.D. Fla. Dec. 13, 2017) (permitting service by website publication); *Cassegrain v. bagsoutlet.us*, No. 18-cv-62933-BLOOM/Valle, 2018 WL 10582119, at *1-2 (S.D. Fla. Dec. 7, 2018) (same). In addition, Plaintiff cites *LCX AG v. John Doe Nos. 1-25*, No. 154644/2022 (Sup. Ct. N.Y. Co. – Filed 06/01/2022), where at least one court has authorized alternate service by NFT and website posting.

Here, Defendants conducted their alleged scheme using electronic means over the Internet and using cryptocurrency blockchain ledger technology. Plaintiff shows that NFT and website posting are likely to reach Defendants. *See Rio Props. Inc.*, 284 F.3d at 1017-18. Plaintiff therefore demonstrates good cause as to why leave should be granted to allow service of the summonses, Complaint, all filings and discovery in this case on Defendants via NFT and posting on Plaintiff's designated website.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [12]**, is **GRANTED** as follows:

1.  Plaintiff shall serve the summonses, Complaint, and all filings and discovery in this case upon Defendants via transfer of Plaintiff's NFT to Defendants' Crypto

Case No. 22-cv-22907-BLOOM/Otazo-Reyes

Wallets, which provides notice of this action and directs Defendants to Plaintiff's

Website; and,

2. Plaintiff shall serve the summonses, Complaint, and all filings and discovery in this

   case upon Defendants via website publication, by posting a copy of the same on

   Plaintiff's designated service notice website appearing at the following URL:

   (https://uscourtservice.com/22907).

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 22, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record