UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22907-BLOOM/Otazo-Reyes

RANGAN BANDYOPADHYAY,

    Plaintiff,

v.

DEFENDANT 1, *also known as* Suxia Obei,
*also known as* Sasha, and JOHN DOES 1-20,

    Defendants.
_____/

**FINAL JUDGMENT**

**THIS CAUSE** comes before the Court's Order Granting Motion for Final Default Judgment, ECF No. [23], and the Court's Order on Plaintiff's Notice of Filing Plaintiff's Supplemental Damage Declaration, ECF No. [24]. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate Final Judgment.

**I.  BACKGROUND**

On September 13, 2022, Plaintiff Rangan Bandyopadhyay filed a Complaint against Defendant "1" a/k/a/ SUXIA OBEI a/k/a SASHA ("Defendant") in which he alleged that Defendant and JOHN DOES 1-20 deprived Plaintiff of 957,281.50 units of the cryptocurrency Tether ("USDT") by causing an unauthorized cryptocurrency transaction to a virtual wallet controlled by Defendant from Plaintiff's Coinbase wallet on January 26, 2022 at 9:06 a.m. ECF No. [1] ¶¶ 23, 24. On February 3, 2023, Bandyopadhyay filed a Motion for Default Judgment against Defendant on four claims: RICO in violation of 18 U.S.C. §§ 1961-68 (Count I), Conversion (Count II), Unjust Enrichment (Count III), and Imposition of a Constructive Trust and Disgorgement of Funds (Count IV). ECF No. [22]. On February 28, 2023, the Court found that

Defendant was liable on Count II. Although the Complaint sufficiently alleged that Bandyopadhyay lost 957,281.50 USDT, the Court also found that essential evidence on the value of USDT in U.S. dollars was missing from the record and ordered that Bandyopadhyay file evidence of the USDT's monetary value in U.S. dollars.

## II.    LEGAL STANDARD

A court may enter a default judgment against a defendant who has failed to plead or otherwise defend against the lawsuit. *See* Fed. R. Civ. P. 55(b)(2). Before it may do so, the Court must determine that there is "a sufficient basis in the pleadings for the judgment entered," a determination that is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation marks omitted). Moreover, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Ordonez v. Icon Sky Holdings LLC*, 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)).

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

Case No. 22-cv-22907-BLOOM/Otazo-Reyes

If the Complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) ("following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." (citation omitted)).

**III.   DISCUSSION**

On March 6, 2023, Plaintiff filed a Supplemental Damage Declaration which included evidence of the value of USDT over a period of time, including a printout of the unit price of USDT according to an entity named CoinMarketCap which shows the daily market price of 1 USDT from December 24, 2021, to March 2, 2023. ECF No. [24-1] at 6-30. Specifically, the printout shows the Open price of USDT on that day was $1.00 and the Close price was $1.00. *Id.* at 28. Likewise, the Open and Close price of 1 USDT was $1.00 on February 3, 2023, the date that Plaintiff filed the Motion. *Id.* at 8.

As set forth above, Plaintiff has a valid claim for conversion because he sufficiently alleged that Defendant converted 957,281.50 USDT. In addition, Plaintiff has also demonstrated that the value of USDT at the time of the loss and the time of the Motion for Entry of Default Judgment was $1.00 per USDT. As such, Plaintiff's damages are $957,281.50 (9,570,281.50 USDT × ($ 1.00 ÷ 1 USDT)).

Case No. 22-cv-22907-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows.

1. Final Judgment is entered in favor of the Plaintiff Rangan Bandyopadhyay and Defendant "1" a/k/a/ SUXIA OBEI a/k/a SASHA is jointly and severally liable with JOHN DOES 1-20 in the amount of **$957,281.50**.

2. This Final Judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961.

3. Plaintiff is ordered to serve a copy of this Order upon Defendant by posting a copy of this Judgment on Plaintiff's Service Website appearing at (https://uscourtservice.com/22907).

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 6, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record